# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BERYL WAYNE RAGAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 09-95-FHS** |
| ) | |
| **DONNA LAYMON, Warden,** ) | |
| ) | |
| Respondent. ) | |

# ORDER

This action is before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as time barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Williams S. Key Correctional Center in Ft. Supply, Oklahoma, attacks his conviction in Johnston County District Court Case Number CF-2007-25 for assault and battery upon a peace officer and possession of a firearm.

Respondent has filed a motion to dismiss, alleging the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on June 7, 2007, petitioner entered a plea of guilty to assault and battery upon a peace officer and possession of a firearm in Johnson County District Court Case Number 07-25. Judgment and Sentence was entered on June 11, 2007. Petitioner did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so his conviction became final on June 21, 2007, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051.

On July 16, 2007, petitioner filed a letter to the state district court inquiring about the former convictions used to enhance his sentences. On July 26, 2007, the state district court held a hearing to review petitioner's sentence and modified the sentence on Count II from 15 years to 10 years. On August 7, 2007, petitioner filed a pleading in the Oklahoma Court of Criminal Appeals challenging the state district court's July 26, 2007, order in case number

PC-2007-790. On October 30, 2007, the Oklahoma Court of Criminal Appeals dismissed petitioner's attempt to appeal the state district court's order, finding that state district's July 26, 2007, order was not an appealable judgment and thus it could not exercise jurisdiction over the matter. On May 27, 2008, petitioner filed an application for post-conviction relief with the state district court. The state district court denied petitioner's application on June 2, 2008. On June 2, 2008, petitioner appealed the district court's order denying post-conviction relief to the Oklahoma Court of Criminal Appeals. On June 21, 2008, petitioner's year to file a habeas corpus petition expired. On July 16, 2008, the Oklahoma Court of Criminal Appeals denied petitioner's post-conviction appeal. Petitioner filed this petition for a writ of habeas corpus on March 12, 2009.

Under § 2254(d) petitioner had one year from the date his conviction became final, or until June 21, 2008, to file a federal habeas petition. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). However, the petitioner's filing of his application for post-conviction relief on May 27, 2008, tolled the statutory year by fifty (50) days. Thus Petitioner had fifty days to file his petition after the Oklahoma Court of Criminal Appeals ruled on his application for post-conviction relief on July 16, 2008. Thus, Petitioner had until September 4, 2008, in which to file his habeas petition.

Petitioner's only response is there is no statute of limitations as to the violation of a person's constitutional rights. He offers no real explanation of his delay.

The deadline for petitioner to file his writ of habeas corpus was September 4, 2008.

Clearly Petitioner's writ of habeas corpus filed on March 12, 2009, is out of time.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 20th day of April, 2009.

Frank H. Seay
United States District Judge